UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATAN COHEN,

       Plaintiff,

v.

Case No. 24-cv-10927
HON. MARK A. GOLDSMITH

MANGROVE MOTORSPORTS LLC, et al.,

       Defendants.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION TO DISMISS (Dkt. 51)**

Plaintiff Matan Cohen alleges that Defendant Rory Lamberton converted his Lamborghini. Before the Court is Defendant Lamberton's motion to dismiss (Dkt. 51). For the reasons that follow, the Court denies Lamberton's motion.[1]

**I. BACKGROUND**

Cohen's amended complaint alleges the following facts. Lamberton, a citizen of Colorado, purchased a used Lamborghini Huracan. Am. Compl. ¶ 9 (Dkt. 31). Mangrove Motorsports LLC (Mangrove), a Michigan company, then purchased the vehicle from Lamberton's company RL Exotics LLC in Florida. Id. at ¶¶ 17–19. Cohen, a citizen of Missouri, purchased the vehicle from Mangrove. Id. at ¶¶ 22–23. About two weeks later, Lamberton reported the vehicle stolen to Florida police. Id. at ¶ 25. Missouri police seized the vehicle, and Lamberton retook possession of it. Id. at ¶¶ 26–27.

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Cohen's response (Dkt. 57) and Lamberton's reply (Dkt. 58).

1

Cohen brought suit against Lamberton, arguing that he submitted a false and fraudulent police report and willfully converted the vehicle. Id. at ¶¶ 28–48.[2]

## II. ANALYSIS[3]

Lamberton moves for dismissal of this lawsuit under the doctrine of forum non convienens. "Under the common law doctrine of forum non conveniens, a district court may decline to exercise its jurisdiction, even though the court has jurisdiction and venue, when it appears that the convenience of the parties and the court and the interests of justice indicate that the action should be tried in another forum." Rustal Trading US, Inc. v. Makki, 17 F. App'x. 331, 335 (6th Cir. 2001) (punctuation modified).

As a threshold argument, Cohen asserts that Lamberton is untimely in bringing his motion. See Resp. at PageId.375–377. The Court agrees.

Motions to dismiss on the basis of forum non conveniens "usually should be decided at an early stage in the litigation, so the parties will not waste resources on discovery and trial preparation in a forum that will later decline to exercise its jurisdiction over the case." Ingenium

---

[2] Cohen had brought suit against Mangrove and Mangrove's owner Charles Bugbee in his original complaint. Compl. (Dkt. 1). Subsequently he filed an amended complaint, naming additional Defendants, Lamberton and his business partner Daniel Edri, their business RL Exotics LLC, and Gustavo Rafael Arias Vargas. Am. Compl. (Dkt. 17). All parties were dismissed from the suit except for Lamberton and Edri. 8/2/24 Order (Dkt. 19). Cohen's second amended complaint names both Lamberton and Edri, but Edri has been dismissed from the suit, leaving Lamberton as the sole remaining Defendant. 5/13/25 Order (Dkt. 44).

[3] To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. Id.

2

Techs. Corp. v. Beaver Aerospace & Def., Inc., 122 F. Supp. 3d 683, 689 (E.D. Mich. 2015). Generally, "a defendant must assert a forum non conveniens motion within a reasonable time after the facts or circumstances which serve as the basis for the motion have developed and become known." Id. (punctuation modified). In Siliconature S.p.a. v. Seal King N.A., Inc., No. C A 805-3578-HMH, 2006 WL 3386838 (D.S.C. Nov. 21, 2006), the court denied the defendant's motion to dismiss on the basis of forum non conveniens where the defendant filed the motion nearly 11 months after the filing of the complaint. Id. at *2.

Here, Lamberton filed his motion almost 11 months after his attorney appeared. And after much activity in the case: (i) the filing of a Rule 12(b) motion by Lamberton (ii) amendment of the complaint, (iii) the filing of an answer, (iv) the filing of a Rule 26(f) report, (v) the issuance of a scheduling order, (vi) service of deposition notices, and (vii) the filing of a motion for replevin. The motion comes far too late in the proceedings.

While it is true that there is no per se rule as to when such a motion must be made, Lamberton offers no explanation or justification for his tardiness. Because tardiness itself does not compel dismissal, other appropriate factors must be considered, as well. 17 Moore's Federal Practice - Civil § 111.90 (2025). Additional factors join in counselling rejection of Lamberton's motion.

A district court assessing whether to dismiss a case under forum non convienens undertakes the following three-step analysis: (i) "the court determines the degree of deference owed to plaintiff's forum choice," (ii) the court determines whether the defendant has established that an adequate alternative forum exists, and (iii) the court assesses whether the defendant has shown "that the plaintiff's chosen forum is unnecessarily burdensome based on public and private interests." Hefferan v. Ethicon Endo-Surgery Inc., 828 F.3d 488, 492 (6th Cir. 2016).

3

The first factor is the degree of deference owed to Cohen's forum choice. Although a plaintiff's choice of forum is ordinarily entitled to substantial deference, that presumption is significantly weakened where the plaintiff is not a resident of the chosen forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255–256 (1981). Lamberton argues that little deference is owed to Cohen's choice of forum because the case has little connection to Michigan. Mot. at 317–318. Cohen is a Missouri resident, and Lamberton is a Colorado resident living in Colombia. However, one of the major issues in this case is whether the transaction between Mangrove and Lamberton's company was legitimate. Presumably the records of the transaction and many of the witnesses Cohen would rely on are located in Michigan, because Mangrove is a Michigan company. As such, Cohen's choice of forum should be afforded deference.

As for the second step, Lamberton has not established that his proposed alternative venue, Colombia, is an adequate and available venue. Identifying an alternate forum is a prerequisite for dismissal, not a factor to be balanced. See Friends for All Children, Inc. v. Lockheed Aircraft Corp., 717 F.2d 602, 607 (D.C. Cir. 1983) (stating that "[a]vailability of adequate alternative forums is a threshold test . . . in the sense that a forum non convienens motion cannot be granted unless the test is fulfilled"). If there is no suitable alternate forum where the case can proceed, the entire inquiry ends. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506–507 (1947) ("[T]he doctrine of forum non conveniens ... presupposes at least two forums in which the defendant is amenable to process...."); Watson v. Merrell Dow Pharm., Inc., 769 F.2d 354, 357 (6th Cir. 1985) (reversing a forum non conveniens dismissal that impermissibly intermingled "the threshold criteria with the subsequent balancing test"). An alternative forum is ordinarily considered to be available "when the defendant is amenable to process in the other jurisdiction." Piper Aircraft, 454 U.S. at 254 n.22 (punctuation modified). A foreign forum is not truly "available"—and a defendant is not

4

meaningfully "amenable to process" there—if the foreign court cannot exercise jurisdiction over both parties. See Watson, 769 F.2d at 357 (stating that "dismissal predicated on forum non conveniens requires availability of alternative forum possessing jurisdiction as to all parties" (emphasis in original)). Similarly, the foreign forum is not adequate if the remedy it offers "is so clearly inadequate or unsatisfactory that it is no remedy at all," as, for example, if the other forum "does not permit litigation of the subject matter of the dispute." Piper Aircraft, 454 U.S. at 254, n.22.

In the present case, Lamberton presents no evidence that a Colombian court will be able to exercise jurisdiction over the parties and offer a satisfactory remedy. Lamberton has not shown that Colombian courts recognize comparable causes of actions or will otherwise prove able to provide a remedy for the damages. Lamberton does not meet his burden as to why Colombia would be a superior forum.[4]

Because Lamberton has not established the existence of an adequate and available forum, the Court need not analyze whether he has shown that Cohen's chosen forum is unnecessarily burdensome based on public and private interests. But that factor argues for denial of the motion. Litigation in a foreign country would undoubtedly be burdensome, given that Cohen, witnesses, and documents are located in this country.

### III. CONCLUSION

---

[4] As to the other possible forums breezily suggested by Lamberton—Florida, Missouri, and New York—Lamberton offers no briefing or argument supporting the availability of these forums and fails to articulate why the interests of justice would be served by moving the case to any of these places—especially in light of the fact that at the time his motion was filed, Lamberton had been litigating in Michigan for fourteen months. See Mot. at 310. Moreover, in his reply brief, Lamberton only discusses Colombia and none of these other alternative venues. See Reply at PageID.385–386.

5

For the reasons explained above, the Court denies Lamberton's motion to dismiss (Dkt. 51).

**SO ORDERED.**

Dated: January 12, 2026                       s/Mark A. Goldsmith  
Detroit, Michigan                          MARK A. GOLDSMITH  
                                             United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2026.

                                                       s/Joseph Heacox  
                                                       JOSEPH HEACOX  
                                                       Case Manager